Filed 11/2/22  P. v. Webb CA3
Opinion following transfer from Supreme Court

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C089453 |
| Plaintiff and Respondent, | (Super. Ct. No. STK-CR-CNV-1998-16793) |
| v. | |
| ANTHONY LAMONT WEBB, | OPINION ON TRANSFER |
| Defendant and Appellant. | |

Defendant Anthony Lamont Webb appeals from the trial court's order denying his pro per petition for resentencing brought pursuant to former Penal Code section 1170.95.[1]

---

[1] Further undesignated statutory references are to the Penal Code.

Defendant filed the petition in 2019.  Effective June 30, 2022, the Legislature renumbered section 1170.95 to section 1172.6.  (Stats. 2022, ch. 58, § 10.)  There were no substantive changes to the statute.  For purposes of clarity and conformity with the petition, we will continue to refer to the statute as former section 1170.95 throughout the opinion.

1

Defendant argues the trial court erred in relying on a special circumstance finding to conclude no prima facie showing had been made. We disagreed in our original opinion filed December 16, 2020, and affirmed the order.

Defendant petitioned our Supreme Court for review; that court has now directed us to reconsider the matter in light of *People v. Strong* (2022) 13 Cal.5th 698 and *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*). Having done so, we agree with the parties that the trial court's order denying the petition must be reversed and the matter remanded for further proceedings consistent with this opinion.

## FACTUAL AND PROCEDURAL BACKGROUND

*Defendant's Convictions*

In 1999, defendant and his codefendant were found guilty by jury of three counts of first degree murder (§ 187) and two counts of robbery (§ 211). The jury also found true the special allegations that defendant had personally used a firearm in one of those murders and in one robbery (§ 12022.5, subd. (a)), had been armed with a firearm during another murder and robbery (§ 12022, subd. (a)), that two of the murders were multiple murders (§ 190.2, subd. (a)(3)), and that all three murders were committed during the course of a robbery (§ 190.2, subd. (a)(17)). (*People v. Thompson* (April 3, 2002, C034507) [nonpub. opn.].)

Within its charge to the jury at the conclusion of the parties' presentations, the trial court included CALJIC No. 8.80.1 regarding the special circumstance allegations, which included the requirement that in order to find the section 190.2, subdivision (a)(17)(A) allegations true, if defendant was not the actual killer, the jury would have to find that defendant "with the intent to kill aided, abetted, counseled, commanded, induced, solicited, requested, or assisted any actor in the commission of the murder in the first degree or with reckless indifference to human life and as a major participant, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted in the commission" of the robberies.

2

Defendant received a sentence of three consecutive terms of life in prison without the possibility of parole plus nine years four months. We upheld these convictions on appeal, but modified the judgment to stay defendant's sentences for the two robberies pursuant to section 654. (*People v. Thompson, supra*, C034507.) Defendant's new sentence was three consecutive life terms.

*Legal Background*

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill No. 1437), which became effective on January 1, 2019, was enacted "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The legislation accomplished this by amending sections 188 and 189 and adding former section 1170.95 to the Penal Code.

Section 188, which defines malice, now provides in part: "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).) Section 189, subdivision (e) now limits the circumstances under which a person may be convicted of felony murder: "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) [defining first degree murder] in which a death occurs is liable for murder only if one of the following is proven:  [¶]  (1) The person was the actual killer.  [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree.  [¶]  (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."

3

Senate Bill No. 1437 also "added section 1170.95 to provide a procedure for those convicted of felony murder or murder under the natural and probable consequences doctrine to seek relief . . . ." (*People v. Gentile* (2020) 10 Cal.5th 830, 843.) Former section 1170.95, subdivisions (b) and (c) create a two-step process for evaluating a petitioner's eligibility for relief. (*People v. Lewis*, *supra*, 11 Cal.5th at pp. 960-962.) First, the trial court determines whether the petition is facially sufficient under former section 1170.95, subdivision (b). (*Lewis*, at p. 960.) If the petition is facially sufficient, the trial court moves on to former subdivision (c), appointing counsel (if requested) and following the briefing schedule set out in the statute. (*Lewis*, at p. 966.) Following the completion of this briefing, the trial court then determines whether the petitioner has made a prima facie showing they are entitled to relief. (*Ibid*.)

As the Supreme Court explained, "[w]hile the trial court may look at the record of conviction after the appointment of counsel to determine whether a petitioner has made a prima facie case for section 1170.95 relief, the prima facie inquiry under subdivision (c) is limited. Like the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause." ' [Citations.] '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' [Citations.] 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Lewis*, *supra*, 11 Cal.5th at p. 971.)

As relevant here, Senate Bill No. 775 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 551, §§ 1-2), which took effect on January 1, 2022, amended former section 1170.95 to "[c]odif[y] the holdings of *People v. Lewis* (2021) 11 Cal.5th 952, 961-970, regarding petitioners' right to counsel and the standard for determining the existence of a prima

4

facie case" and to "[r]eaffirm[] that the proper burden of proof at a resentencing hearing under this section is proof beyond a reasonable doubt." (Cal. Const. art. IV, § 8; Stats. 2021, ch. 551, § 1.)

*Defendant's Petition for Resentencing*

On January 17, 2019, defendant filed a form petition in propria persona requesting resentencing under former section 1170.95. On the form, defendant declared he had been convicted of felony murder and could not now be convicted of either first or second degree murder because of changes made to sections 188 and 189. Defendant further declared he was not the actual killer and had not acted "with the intent to kill, aid, abet, counsel, command, induce, solicit, request, or assist the actual killer in the commission of murder in the first degree." Finally, defendant declared he "was not a major participant in the felony **or** . . . did not act with reckless indifference to human life during the course of the crime or felony."

The trial court denied defendant's petition in a March 29, 2019 order without hearing and written decision that determined defendant was ineligible for resentencing because he could still be convicted of the three counts of first degree murder despite the changes to sections 188 and 189. The court noted that the jury was instructed with CALJIC No. 8.80.1 as set forth above as to the necessary finding for the special circumstances which it ultimately found true. By finding the section 190.2, subdivision (a)(17)(A) allegations true, the jury necessarily found defendant was the actual killer, was an aider and abettor acting with the specific intent to kill, or was a major participant acting with reckless indifference to human life. Any of these findings rendered defendant ineligible for resentencing under sections 189, subdivision (e)(1)-(3). Therefore, the court's preliminary review under former section 1170.95, subdivision (c) revealed as a matter of law that defendant could not make a prima facie showing of eligibility. As described above, we initially affirmed the order denying defendant's petition.

5

## DISCUSSION

Defendant initially argued the trial court erred when it determined the special circumstance finding conclusively established his ineligibility for resentencing because the jury necessarily concluded that he was either the actual killer, a major participant, or acted with reckless indifference. He posited that because the definitions of "major participant" and "reckless indifference to human life" were clarified by our Supreme Court *after* the jury made its findings in *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522, the special circumstance findings from his trial were potentially invalid.

After we rejected defendant's claims in our previous opinion, our Supreme Court decided *Strong*, which concluded: "Findings issued by a jury before *Banks* and *Clark* do not preclude a defendant from making out a prima facie case for relief under Senate Bill [No.] 1437. This is true even if the trial evidence would have been sufficient to support the findings under *Banks* and *Clark*." (*People v. Strong*, *supra*, 13 Cal.5th at p. 710.) Here, the trial court concluded that the jury's pre-*Banks* and *Clark* findings precluded defendant from making a prima facie case. Because this conclusion does not survive *Strong*, we will reverse the trial court's order and remand for further proceedings consistent with this opinion.

6

**DISPOSITION**

The order denying defendant's former section 1170.95 petition is reversed, and the cause is remanded with directions to conduct further proceedings consistent with this opinion.

                                                 /s/
                                      Duarte, Acting P.J.

We concur:

    /s/
Renner, J.

    /s/
Earl, J.